IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROSWITHA M. SAENZ, Individually and on behalf of THE ESTATE OF DANIEL SAENZ, Deceased, | § § § § | |
| Plaintiff, | § § | |
| vs. | § § § | Cause No. 3:14-cv-244 |
| THE CITY OF EL PASO TEXAS, GREG ALLEN CHIEF OF POLICE G4S SECURE SOLUTIONS (USA) INC., OFFICER JOSE FLORES AND JOHN DOE EMPLOYEE OF G4S SECURE SOLUTIONS (USA) INC., | § § § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, ROSWITHA M. SAENZ, Individually and on behalf of THE ESTATE OF

DANIEL SAENZ, Deceased (hereafter "Plaintiff"), complaining of THE CITY OF EL PASO,

TEXAS, G4S SECURE SOLUTIONS (USA) INC., and OFFICER JOSE FLORES (hereafter

collectively Defendants), and for cause of action would show the Court the following:

### I. DISCOVERY LEVEL

1.     Discovery will be conducted in Level III.

### II. PARTIES, JURISDICTION, AND VENUE.

2.     Plaintiff ROSWITHA M. SAENZ (Roswitha Saenz) is the mother of DANIEL

SAENZ, Deceased (Daniel Saenz or Deceased) and resides in El Paso County, Texas.

3.     Defendant THE CITY OF EL PASO, TEXAS (City of El Paso) is a governmental

1

entity doing business in El Paso County, Texas, and may be served with process by serving its Honorable MAYOR OSCAR LEESER at 300 N. Campbell, El Paso, Texas, and/or wherever he may be found.

4.      Defendant G4S SECURE SOLUTIONS (USA) INC. (Defendant G4S) is a Florida corporation doing business in El Paso, Texas, and may be served with process by serving its registered agent, PRENTICE HALL CORP. SYSTEM, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, and/or by serving its President and/or any other officer authorized to accept service of process on its behalf wherever he or she may be found.

5.      Defendant GREG ALLEN CHIEF OF POLICE (Defendant Chief Allen) is a resident of El Paso County, Texas and may be served with process c/o El Paso Police Department, 911 Raynor, El Paso, Texas 79903, and/or wherever he may be found.

6.      Defendant OFFICER JOSE FLORES (Defendant Officer Flores) is a resident of El Paso County, Texas and may be served with process c/o El Paso Police Department, 911 Raynor, El Paso, Texas 79903, and/or wherever he may be found.

7.      Defendant JOHN DOE, EMPLOYEE OF G4S SECURE SOLUTIONS (USA) INC., is a resident of in El Paso County, Texas and may be served with process by serving him through G4S Secure Solutions by serving its registered agent, PRENTICE HALL CORP. SYSTEM, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, and/or by serving its President and/or any other officer authorized to accept service of process on its behalf wherever he or she may be found.

8.      This is an action for damages instituted by Plaintiff against Defendants wherein Defendants are liable in monetary damages for the injuries suffered and death to DANIEL SAENZ, Deceased, pursuant to the Texas Wrongful Death and Survival Acts, Sections 71.002 and 71.021 et

seq. of the Texas Civil Practices and Remedies Code, and as permitted by 42 U.S.C. §1983, 42 U.S.C. §1985, the Texas Tort Claims Act, Article I, §19 and Article XVI, §26 of the Texas Constitution, and as otherwise provided by law.  Plaintiff ROSWITHA SAENZ is the mother of DANIEL SAENZ, Deceased, and brings this action in her individual capacity and on behalf of THE ESTATE OF DANIEL SAENZ, Deceased.

9.      This Court has subject matter jurisdiction over the case and personal jurisdiction over the parties.  Venue is proper because all or a substantial part of the acts and omissions that give rise to this suit took place in El Paso County, Texas.  Plaintiff has performed all conditions precedent to the filing of this suit.  Plaintiff gave Defendants notice of her claims in accordance with the Texas Tort Claims Act and THE CITY OF EL PASO on or about September 4, 2013.  Said claim was denied.  As a result of Defendants' wrongful conduct in violation of Daniel Saenz's civil and constitutional rights, Plaintiff suffered damages, more fully described below.

### III. GENERAL ALLEGATIONS

10.      Plaintiff is a citizen of the United States of America.  Daniel Saenz was a citizen of the United States of America before his death.

11.      On or about March 13, 2013, Daniel Saenz (age 37 at the time of his death) was at Albertsons Grocery Store at 2200 N. Yarbrough, El Paso, Texas.  While at the store, Albertson employees recognized that Daniel Saenz needed medical or psychiatric attention when he advised employees that he was feeling paranoid and began to cry and ask for hugs. El Paso Police officers were dispatched to the store along with EMS personal.  Upon arrival they witnessed Daniel Saenz crying as he was slouching on a motorized shopping cart.  Daniel Saenz suffered from hypoglycemic episodes.  Daniel Saenz began to twitch uncontrollably and was taken to Del Sol Medical Center for

3

medical care.  At Del Sol Medical Center, Daniel Saenz not having adequate mens rea allegedly attacked patients, staff and an off duty officer.  Daniel Saenz was then wrongfully arrested by Defendant City of El Paso and taken to the El Paso County Detention Facility instead of providing medical care.  While in Defendants' custody, Daniel Saenz was handcuffed, shackled, and tased several times.  Apparently, Defendants recognized Daniel Saenz needed medical or psychiatric care and determined he needed to be sent for hospitalization (even though he was already at a hospital).  While handcuffed, unarmed and restrained with both hands behind his back on the premises of the jail with numerous law enforcement personnel available to restrain and control him without the use of deadly force, Defendants' employee Jose Flores in the course of his employment with Defendant City of El Paso pulled out his loaded pistol and with Defendant G4S's employee, shot and killed Daniel Saenz.  Defendants' handcuffing and shackling of Daniel Saenz, repeated tasing with electrical shocks of Daniel Saenz, and use of a pistol in shooting and killing Daniel Saenz was a producing and/or proximate cause of his injuries and subsequent death.

12.     Defendants' agents and/or employees were working with authority and/or in the course and scope of their employment with Defendants THE CITY OF EL PASO and G4S.  The improper use of a firearm, taser and equipment, handcuffs, and/or shackles constitutes use or misuse of tangible personal property under the Texas Tort Claims Act.  Defendants and their agents and/or employees, acting with authority and/or in the course and scope of their employment, were negligent in the use or misuse of tangible personal property, including without limitation the negligent use or misuse of firearm, taser and equipment, handcuffs, and shackles, which was a proximate cause of the injuries and death of Daniel Saenz and caused Plaintiff to suffer damages as described below.

13.     Pleading alternatively, and without waiving the foregoing, Defendants, acting under

4

color of state law, subjected Daniel Saenz, a citizen of the United States of America, to the deprivation of his rights secured by the Constitution and laws of the State of Texas. Defendants violated Plaintiff's rights under the Constitution and laws of the State of Texas, including without limitation violations of the Fourth, Fifth, Eighth and Fourteenth Amendments of the U.S. Constitution, which was a producing and/or proximate cause of the injuries suffered and death of Daniel Saenz 42 U.S.C. §1983, and caused Plaintiff to suffer injury and damages as described below.

14.     Pleading alternatively, and without waiving the foregoing, Defendant CITY OF EL PASO's employee, using deadly force Defendant OFFICER FLORES, and others engaged in unreasonable, reckless, and/or intentional conduct and acted with deliberate indifference in the wrongful arrest of Daniel Saenz and use of excessive force in handcuffing and shackling, tasing, shooting, and killing Daniel Saenz using deadly force, which was a proximate cause of Daniel Saenz's injuries and death and caused Plaintiff to suffer damages as described below.

15.     At all relevant times, Defendant OFFICER FLORES was acting in the course and scope of his employment as a police officer of Defendant CITY OF EL PASO and engaged in intentional conduct and/or deliberate indifference in not having probable cause or reasonable suspicion for the unlawful arrest of Daniel Saenz and in the use of excessive force, deadly force, assault, battery, and false imprisonment against Daniel Saenz, which was a producing and/or proximate cause of the injuries suffered and death of Daniel Saenz and caused Plaintiff to suffer damages described below.

16.     Pleading alternatively, and without waiving the foregoing, the above-described actions were conducted with the express and/or implied consent of Defendant CITY OF EL PASO, and it was a custom, policy, or practice for Defendant CITY OF EL PASO to permit its officers

and/or agents acting under color of authority to engage in the intentional conduct and/or deliberate indifference in not having probable cause or reasonable suspicion for the detention and arrest of Daniel Saenz, and in the use of excessive force and deadly force in handcuffing, shackling, tasing, and shooting and killing Daniel Saenz while handcuffed and unarmed, and in the unlawful arrest and assault, battery, false imprisonment and use of excessive force and deadly force against Daniel Saenz that took place; and Defendant CITY OF EL PASO's custom, policy or practice in authorizing and/or permitting such conduct to take place was a moving force of violations of Daniel Saenz's constitutional rights and his resulting injuries and death.

## IV. CLAIMS FOR RELIEF

**COUNT I:     VIOLATIONS UNDER 42 U.S.C. §1983.**

17.     Plaintiff realleges the foregoing paragraphs.

18.     Defendant CITY OF EL PASO and its agents and employees, including without limitation the employees and/or agents of Defendant G4S and Defendant OFFICER FLORES, acting under the color of law and with authority and/or in the course and scope of their employment with Defendant CITY OF EL PASO, deprived Daniel Saenz of rights secured by the Constitution and Laws of the State of Texas and the United States of America.  Said deprivation of Daniel Saenz's rights was a producing cause of Daniel Saenz's injuries suffered and death.

19.     Defendant CITY OF EL PASO and its employees, including without limitation the employees and/or agents of Defendant G4S and Defendant OFFICER FLORES, acting under the color of law and with authority and/or in the course and scope of their employment with Defendant CITY OF EL PASO, deprived Daniel Saenz of these and other rights secured by the Constitution and Laws of the State of Texas and the United States of America.  Said deprivation of Daniel Saenz's

rights was a producing cause of Daniel Saenz's injuries and death.

20.     Defendants' intentional conduct and/or deliberate indifference in the wrongful arrest, use of excessive force, and assault, battery, and false imprisonment of Plaintiff without reasonable suspicion or probable cause, constitute violations of Daniel Saenz's civil and constitutional rights under the U.S. Constitution and under the Texas Constitution, giving rise to a cause of action under 42 U.S.C §1983, Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and Article 1 §19 of the Texas Constitution.  The actions of Defendants were not justified or privileged under state or federal law.

21.     Defendants are liable to Plaintiff for the damages hereinafter described, together with attorney's fees.

### COUNT I-A:
### FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION:
### ILLEGAL SEARCH AND SEIZURE

22.     Plaintiff realleges the foregoing paragraphs.

23.     Defendants' actions, stated above, violated Daniel Saenz's constitutional rights under the Fourth Amendment to the United States Constitution by seizing and detaining him without reasonable suspicion or probable cause to believe he had been engaged in criminal activity.

24.     Prior to and including the date of the incident, and thereafter, it was the custom, policy, and/or practice for Defendants to violate the constitutional rights of Daniel Saenz and others by doing one or more of the following:

a.     Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for arresting and/or detaining individuals without reasonable suspicion or probable cause.

b.     Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for arresting and/or detaining individuals who

are having a hypoglycemic episode or other serious medical condition.

c.  Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for the safe and humane treatment of arrested and/or detained individuals.

d.  Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for the safety of arrested and/or detained individuals having a hypoglycemic episode or other serious medical condition.

e.  Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for the safe transportation of arrested and/or detained individuals.

f.  Failing to enact or enforce and/or deliberate indifference to department rules, regulations, protocols and guidelines for the safe transportation of arrested and/or detained individuals having a hypoglycemic episode or other serious medical condition.

g.  Permitting the use of excessive force on handcuffed, unarmed persons that amounts to cruel and unusual punishment.

h.  Permitting the use of excessive force on persons having a hypoglycemic episode or other serious medical condition that amounts to cruel and unusual punishment.

I.  Permitting the intentional and deliberate violation of rules, regulations, protocols and guidelines enacted to safeguard detainees.

j.  Permitting the intentional and deliberate shooting and killing of handcuffed unarmed persons.

k.  Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for adequate training and supervision of personnel to ensure that persons having a hypoglycemic episode or other serious medical condition are not wrongfully arrested and/or detained without reasonable suspicion or probable cause.

l.  Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for adequate training and supervision of personnel to ensure that persons having a hypoglycemic episode or other serious medical condition receive adequate medical care.

m.  Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for adequate training and supervision of personnel to ensure the safety of arrested and/or detained individuals.

n.  Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for adequate training and supervision of personnel to identify and reduce the dangers of arrested and/or detained individuals having a hypoglycemic episode or other serious medical condition.

o.  Permitting the deliberate and intentional infliction of cruel and unusual punishment on arrested and/or detained individuals.

p.  Other acts that may become known through discovery in the case.

23.  Defendant CITY OF EL PASO and its officials, as a matter of custom, policy, and/or

8

practice, acted with deliberate, conscious and callous indifference to the Daniel Saenz's constitutional right to be free from unlawful search and seizure and illegal detention, wrongful arrest, use of excessive force, and assault, battery, and false imprisonment, and authorized, tolerated, and institutionalized the practices and/or ratified the legal misconduct, described herein, which was a moving force that caused Daniel Saenz to be deprived of his civil and constitutional rights, which was the producing cause of Daniel Saenz's injuries and death and Plaintiff's damages.

**COUNT I-B:**
**EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION:**
**CRUEL AND UNUSUAL PUNISHMENT**

25.     Plaintiff realleges the foregoing paragraphs.

26.     Pleading alternatively, and without waiving the foregoing, Defendants' actions, stated above, were done with deliberate, callous and reckless intent and/or deliberate indifference to engage in the use of excessive force, deadly force, wrongful arrest and assault, battery, and false imprisonment of Daniel Saenz, in violation of his constitutional rights under the Eighth Amendment to the United States Constitution by inflicting cruel and unusual punishment on Daniel Saenz.

27.     Prior to and including the date of the incident, and thereafter, it was the custom, policy, and/or practice for Defendants to violate the constitutional rights of Daniel Saenz and others by doing one or more of the following:

a.     Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for arresting and/or detaining individuals without reasonable suspicion or probable cause.

b.     Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for arresting and/or detaining individuals who are having a hypoglycemic episode or other serious medical condition.

c.     Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for the safe and humane treatment of arrested and/or detained individuals.

d.  Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for the safety of arrested and/or detained individuals having a hypoglycemic episode or other serious medical condition.

e.  Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for the safe transportation of arrested and/or detained individuals.

f.  Failing to enact or enforce and/or deliberate indifference to department rules, regulations, protocols and guidelines for the safe transportation of arrested and/or detained individuals having a hypoglycemic episode or other serious medical condition.

g.  Permitting the use of excessive force and deadly force on handcuffed, unarmed persons that amounts to cruel and unusual punishment.

h.  Permitting the use of excessive force on persons having a hypoglycemic episode or other serious medical condition that amounts to cruel and unusual punishment.

I.  Permitting the intentional and deliberate violation of rules, regulations, protocols and guidelines enacted to safeguard detainees.

j.  Permitting the intentional and deliberate shooting and killing of handcuffed unarmed persons.

k.  Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for adequate training and supervision of personnel to ensure that persons having a hypoglycemic episode or other serious medical condition are not wrongfully arrested and/or detained without reasonable suspicion or probable cause.

l.  Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for adequate training and supervision of personnel to ensure that persons having a hypoglycemic episode or other serious medical condition receive adequate medical care.

m.  Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for adequate training and supervision of personnel to ensure the safety of arrested and/or detained individuals.

n.  Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for adequate training and supervision of personnel to identify and reduce the dangers of arrested and/or detained individuals having a hypoglycemic episode or other serious medical condition.

o.  Permitting the deliberate and intentional infliction of cruel and unusual punishment on arrested and/or detained individuals.

p.  Other acts that may become known through discovery in the case.

28.  Defendant CITY OF EL PASO and its officials, as a matter of custom, policy, and/or practice, acted with deliberate, conscious and callous indifference to the Daniel Saenz's constitutional right to be free from cruel and unusual punishment by his wrongful arrest, use of

excessive force, and assault, battery, and false imprisonment, and authorized, tolerated, and institutionalized the practices and/or ratified the legal misconduct, described herein, which was a moving force that caused Daniel Saenz to be deprived of his civil and constitutional rights, which was the producing cause of Daniel Saenz's injuries and death and Plaintiff's damages.

**COUNT I-C:**
**DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENT TO**
**THE UNITED STATES CONSTITUTION: USE OF EXCESSIVE FORCE,**
**ASSAULT, BATTERY, FALSE IMPRISONMENT**

29.     Plaintiff realleges the foregoing paragraphs.

30.     Pleading alternatively, and without waiving the foregoing, Defendants' actions, stated above, were done with deliberate, callous and reckless intent and/or deliberate indifference to engage in the use of excessive force and wrongful arrest and assault, battery, and false imprisonment of Daniel Saenz without due process of law.

31.     Prior to and including the date of the incident, and thereafter, it was the custom, policy, and/or practice for Defendants to violate the constitutional rights of Daniel Saenz and others by doing one or more of the following:

   a.     Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for arresting and/or detaining individuals without reasonable suspicion or probable cause.

   b.     Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for arresting and/or detaining individuals who are having a hypoglycemic episode or other serious medical condition.

   c.     Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for the safe and humane treatment of arrested and/or detained individuals.

   d.     Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for the safety of arrested and/or detained individuals having a hypoglycemic episode or other serious medical condition.

   e.     Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for the safe transportation of arrested and/or

11

detained individuals.

f.     Failing to enact or enforce and/or deliberate indifference to department rules, regulations, protocols and guidelines for the safe transportation of arrested and/or detained individuals having a hypoglycemic episode or other serious medical condition.

g.     Permitting the use of excessive force on handcuffed, unarmed persons that amounts to cruel and unusual punishment.

h.     Permitting the use of excessive force on persons having a hypoglycemic episode or other serious medical condition that amounts to cruel and unusual punishment.

I.     Permitting the intentional and deliberate violation of rules, regulations, protocols and guidelines enacted to safeguard detainees.

j.     Permitting the intentional and deliberate shooting and killing of handcuffed unarmed persons.

k.     Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for adequate training and supervision of personnel to ensure that persons having a hypoglycemic episode or other serious medical condition are not wrongfully arrested and/or detained without reasonable suspicion or probable cause.

l.     Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for adequate training and supervision of personnel to ensure that persons having a hypoglycemic episode or other serious medical condition receive adequate medical care.

m.     Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for adequate training and supervision of personnel to ensure the safety of arrested and/or detained individuals.

n.     Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for adequate training and supervision of personnel to identify and reduce the dangers of arrested and/or detained individuals having a hypoglycemic episode or other serious medical condition.

o.     Permitting the deliberate and intentional infliction of cruel and unusual punishment on arrested and/or detained individuals.

p.     Other acts that may become known through discovery in the case.

31.     Defendant CITY OF EL PASO and its officials, as a matter of custom, policy, and/or practice, acted with deliberate, conscious and callous indifference to Daniel Saenz's constitutional right to due process to be free from unlawful search and seizure, illegal detention, use of excessive force, wrongful arrest, assault, battery, and false imprisonment, and authorized, tolerated, and institutionalized the practices and ratified the legal misconduct, described herein, which was a

moving force that caused Daniel Saenz to be deprived of his civil and constitutional rights and was

the producing cause of Daniel Saenz's injuries and death and Plaintiff's damages.


**COUNT I-D:**
**DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION: DEPRIVATION OF SUBSTANTIVE DUE PROCESS**

32.     Plaintiff realleges the foregoing paragraphs.

33.     Pleading alternatively, and without waiving the foregoing, Defendants acted arbitrarily and without rational basis in a manner intended and/or calculated to inflict cruel and unusual punishment, seriously injure, and kill Daniel Saenz in an unjustifiable manner and deprive Daniel Saenz of his right to liberty as secured by the United States Constitution. Defendants' conduct shocked the conscience and violated Daniel Saenz's substantive due process rights as established under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

34.     Prior to and including the date of the incident, and thereafter, it was the custom, policy, and/or practice for Defendants to violate the constitutional rights of Daniel Saenz and others by doing one or more of the following:

    a.     Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for arresting and/or detaining individuals without reasonable suspicion or probable cause.
    b.     Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for arresting and/or detaining individuals who are having a hypoglycemic episode or other serious medical condition.
    c.     Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for the safe and humane treatment of arrested and/or detained individuals.
    d.     Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for the safety of arrested and/or detained individuals having a hypoglycemic episode or other serious medical condition.
    e.     Failing to enact or enforce, and/or deliberate indifference to, department rules,

regulations, protocols and guidelines for the safe transportation of arrested and/or detained individuals.

f.    Failing to enact or enforce and/or deliberate indifference to department rules, regulations, protocols and guidelines for the safe transportation of arrested and/or detained individuals having a hypoglycemic episode or other serious medical condition.

g.    Permitting the use of excessive force on handcuffed, unarmed persons that amounts to cruel and unusual punishment.

h.    Permitting the use of excessive force on persons having a hypoglycemic episode or other serious medical condition that amounts to cruel and unusual punishment.

I.    Permitting the intentional and deliberate violation of rules, regulations, protocols and guidelines enacted to safeguard detainees.

j.    Permitting the intentional and deliberate shooting and killing of handcuffed unarmed persons.

k.    Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for adequate training and supervision of personnel to ensure that persons having a hypoglycemic episode or other serious medical condition are not wrongfully arrested and/or detained without reasonable suspicion or probable cause.

l.    Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for adequate training and supervision of personnel to ensure that persons having a hypoglycemic episode or other serious medical condition receive adequate medical care.

m.    Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for adequate training and supervision of personnel to ensure the safety of arrested and/or detained individuals.

n.    Failing to enact or enforce, and/or deliberate indifference to, department rules, regulations, protocols and guidelines for adequate training and supervision of personnel to identify and reduce the dangers of arrested and/or detained individuals having a hypoglycemic episode or other serious medical condition.

o.    Permitting the deliberate and intentional infliction of cruel and unusual punishment on arrested and/or detained individuals.

p.    Other acts that may become known through discovery in the case.

35.    Defendant CITY OF EL PASO and its officials, as a matter of custom, policy, and/or practice, acted with deliberate, conscious and callous indifference to Daniel Saenz's constitutional right to be free from such arbitrary conduct in the unlawful search and seizure and illegal detention, use of excessive force, wrongful arrest, and assault, battery, and false imprisonment, and authorized, tolerated, and institutionalized the practices and ratified the legal misconduct, described herein,

which was a moving force that caused Daniel Saenz to be deprived of his civil and constitutional rights, which was the producing cause of Daniel Saenz's injuries and death and Plaintiff's damages.

**COUNT II:    VIOLATIONS OF 42 U.S.C. §1985 (CONSPIRACY)**

36.    Plaintiff realleges the foregoing paragraphs.

37.    Pleading alternatively, and without waiving the foregoing, in engaging in the conduct described above, Defendants conspired to violate Daniel Saenz's rights secured by the U.S. Constitution, including but not limited to his constitutional rights to be free from unlawful search and seizure and illegal detention, cruel and unusual punishment, use of excessive force, deadly force, wrongful arrest, and assault, battery, and false imprisonment, in violation of 42 U.S.C. §1985. Defendants' acts and omissions were the direct and proximate cause of the Daniel Saenz's injuries and death and Plaintiff's damages, as more fully described below.

**COUNT III:  VIOLATIONS OF TEXAS TORT CLAIMS ACT.**

38.    Plaintiff realleges the foregoing paragraphs.

39.    Pleading alternatively, and without waiving the foregoing, the negligent acts of the agents and/or employees of Defendant CITY OF EL PASO in the negligent use or misuse of firearm, taser and equipment, handcuffs and shackles, and other negligent conduct as described herein, was an improper use or misuse of tangible personal property. Defendant CITY OF EL PASO, through the acts of its agents and employees, was negligent, which was a direct and proximate cause of Daniel Saenz's injuries and death and Plaintiff's damages. Defendant CITY OF EL PASO is liable under the Texas Tort Claim Act.

40.    Daniel Saenz's injuries and death and Plaintiff's damages were directly and

proximately caused as a result of one or more of the following negligent acts and omissions of the part of Defendant CITY OF EL PASO's agents and/or employees acting in the course and scope of employment under color of law:

a.  Improper/negligent use of a firearm by shooting an unarmed handcuffed man; Defendants misused the property in such a way that Daniel Saenz was injured. *Vela v. City of McAllen*, 894 S.W.2d 836 (Tex. App. – Corpus Christi 1995, no writ).

b.  Improperly/negligently placing restraints on Daniel Saenz.

c.  Improper/negligent use of handcuffs.

d.  Improper/negligent use of shackles.

e.  Improper/negligent use of taser and equipment.

f.  Improper/negligent use of excessive force by use of handcuffs and shackles and taser electrical shocks on Daniel Saenz, and improper/negligent use of excessive force by use of a firearm to shoot and kill an unarmed handcuffed man.

g.  Improper/negligent retention, training, and supervision of its employees' improper use of firearm, restraints, handcuffs, shackles, taser and equipment, and other negligent uses of tangible personal property.

h.  Other acts of negligence under the Texas Tort Claims Act that may become known through discovery in the case.

41.     Each of which acts and omissions was other than what a reasonable and prudent person would have done under the same or similar circumstances. Each of which acts and omissions proximately caused the Daniel Saenz's injuries and death and Plaintiff's damages.

**COUNT IV:  NEGLIGENCE.**

42.     Plaintiff realleges the foregoing paragraphs.

43.     Pleading alternatively, and without waiving the foregoing, the negligent acts of the agents and/or employees of Defendant G4S and other negligent conduct as described herein, was a direct and proximate cause of Daniel Saenz's injuries and death and Plaintiff's damages.

44.     Daniel Saenz's injuries and death and Plaintiff's damages were directly and proximately caused as a result of one or more of the following negligent acts and omissions of the part of Defendant G4S's agents and/or employees acting in the course and scope of employment

16

under color of law:

   a.   Improper/negligent use of a firearm by shooting an unarmed handcuffed man.
   b.   Improperly/negligently placing restraints on Daniel Saenz.
   c.   Improper/negligent use of handcuffs.
   d.   Improper/negligent use of shackles.
   e.   Improper/negligent use of taser and equipment.
   f.   Improper/negligent use of excessive force by use of handcuffs and shackles and taser electrical shocks on Daniel Saenz, and improper/negligent use of excessive force by use of a firearm to shoot and kill an unarmed handcuffed man.
   g.   Improper/negligent retention, training, and supervision of its employees' improper use of firearm, restraints, handcuffs, shackles, taser and equipment, and other negligent uses of tangible personal property.
   h.   Other acts of negligence that may become known through discovery in the case.

45.    Each of which acts and omissions was other than what a reasonable and prudent person would have done under the same or similar circumstances. Each of which acts and omissions proximately caused the Daniel Saenz's injuries and death and Plaintiff's damages.

**COUNT V:    ARTICLE XVI, SECTION 26 OF THE TEXAS CONSTITUTION.**

46.    Plaintiff realleges the foregoing paragraphs.

47.    Pleading alternatively, and without waiving the foregoing, Defendants' intentional, willful, and/or deliberately indifferent conduct constitutes willful conduct and/or gross neglect under Article XVI, section 26 of the Texas Constitution. The acts and omissions, when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

48.    Due to Defendants' willful and/or grossly negligent conduct that resulted in Daniel Saenz's death, Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact

for the death of Daniel Saenz.  Plaintiff is entitled to exemplary damages in a sufficient amount to

punish Defendants for their willful and/or grossly negligent conduct under Article XVI, section 26 of

the Texas Constitution.

## V.  RELIEF REQUESTED.

49.      Plaintiff realleges the foregoing paragraphs.

## A.  DAMAGES OF ROSWITHA SAENZ

50.      As a result of the intentional, reckless, deliberately indifferent, and/or negligent

conduct of Defendants as described herein, Plaintiff ROSWITHA SAENZ has sustained injuries and

damages as a result of the wrongful death of her son, DANIEL SAENZ, such damages including but

not limited to the following:

(a)   Pecuniary loss, including the loss of the care, maintenance, support, services, advice, counsel, guidance and reasonable contributions of pecuniary value.
(b)   Loss of Daniel Saenz's society and companionship, love, affection, comfort, protection, and attention.
(c)   Loss of inheritance, gifts, benefits, and other valuable gratuities.
(d)   Loss of household services.
(e)   Loss of consortium.
(f)   Mental anguish.
(g)   Loss of her son's love, affection, advice, counsel, care, consortium, protection, services, attention, society and companionship; consortium, protection, services, attention, society and companionship.
(h)   Economic damages and losses including medical expense.
(I)   Loss of her son's financial support.
(j)   Pain and suffering and emotional distress.
(k)   Mental anguish and injured feelings.
(l)   Funeral and burial expenses.
(m)   Past and future medical and counseling expenses.
(n)   Hedonic damages.
(o)   All other damages as allowed by law.

51.      By reason of the foregoing, Plaintiff is entitled to recover damages for her injuries

suffered, and seeks all relief for such damages allowed under the Texas Wrongful Death Act, Tex.

Civ. Prac. & Rem. Code §71.002, as permitted by 42 U.S.C. §1983, 42 U.S.C. §1985, the Texas Tort

Claims Act, and/or by law.

## B.  DAMAGES OF THE ESTATE OF DANIEL SAENZ

52.    As a result of the intentional, reckless, deliberately indifferent, and/or negligent

conduct of Defendants as described herein, DANIEL SAENZ, and his estate were severely damaged.

DANIEL SAENZ suffered injuries to his body and eventually died.  Daniel Saenz suffered damages,

including but not limited to:

(a)    Excruciating physical pain and mental anguish.
(b)    Disfigurement.
(c)    Loss of earning capacity.
(d)    Physical impairment.
(e)    Bodily injuries.
(f)    Conscious pain, suffering and excruciating physical agony prior to death.
(g)    Medical, hospital and nursing expenses.
(h)    Funeral expenses.
(i)    Hedonic damages.
(j)    Loss of enjoyment of life.

53.    By reason of the foregoing, Plaintiff is entitled to recover damages on behalf of the

Estate of DANIEL SAENZ, Deceased, for damages suffered, and seeks all relief for such damages

allowed under the Texas Survival Statute, Tex. Civ. Prac. & Rem. Code §71.021, and as permitted

by 42 U.S.C. §1983, 42 U.S.C. §1985, the Texas Tort Claims Act, Article I, §19 and Article XVI,

§26 of the Texas Constitution, and as otherwise provided by law.

## C.  PUNITIVE DAMAGES

54.    Pleading alternatively and without waiving the foregoing, Plaintiffs are entitled to

punitive damages because of Defendants' intentional, reckless, and/or deliberately indifferent

conduct, malice, and/or gross negligence, in that the acts and omissions, which when viewed objectively from the standpoint of Defendants at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendants for their intentional, reckless, deliberately indifferent, heedless and grossly negligent conduct and to set an example for others that such conduct will not be tolerated.

### D.  COSTS, INTEREST AND ATTORNEYS' FEES

55.    Plaintiff seeks prejudgment interest on all monies awarded, as to allow the Defendants to profit from their wrongful conduct would amount to unjust enrichment. Plaintiff seeks all other prejudgment and postjudgment interest at the maximum rate as allowed by law.

Plaintiff requests an award of reasonable attorneys' fees and costs as allowed by law.

56.    Plaintiff seeks all available damages as permitted under law.  Plaintiff seeks all penalties, costs, expenses, pre-judgment interest, and attorneys' fees permitted under Texas law. Plaintiff asks that the jury set the amount of his damages. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief, including relief for actual damages suffered, penalties, costs, expenses, pre-judgment interest, and attorneys' fees, over $1,000,000.00.

### VI. JURY REQUEST

57.    Plaintiff respectfully requests a trial by jury of the issues in this case.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants answer herein and that upon final trial hereof, Plaintiff have judgment against Defendants for all relief

requested, including without limitation, all actual damages and other equitable relief to be made whole as allowed by law, incidental and consequential damages, punitive damages to the extent such damages are allowed by law, attorney's fees, together with costs of suit and prejudgment and post-judgment interest at the maximum rate permitted by law, and for such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile


 /s/ Oscar Mendez, Jr.
**SAM J. LEGATE**
State Bar No. 12166600
**OSCAR MENDEZ JR.**
State Bar No. 24058473